UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:19 CR 23 PPS |
| ) | |
| CORY NEWLAND and ) | |
| JOSHUA TITUS, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Defendants, Cory Newland and Joshua Titus, are Elkhart, Indiana police officers who are alleged to have committed criminal civil rights violations in Elkhart County which is situated within the South Bend Division of this Court. For reasons that are not particularly clear, the case was assigned to the Hammond Division even though the South Bend Division is where it should have been filed under our local rules. *See* N.D. Ind. L.R. 3-1. The defendants now seek to change the divisional venue in this case from Hammond to South Bend. [DE 65.] Because the incident in question occurred in the South Bend Division, and the witnesses and defendants all likely reside there, their motion will be GRANTED.

Here are the facts as they are alleged in the indictment: Newland and Titus brought an arrestee into the Elkhart Police Department's booking area, placed him in a chair with his hands handcuffed behind his back, and struck the arrestee repeatedly. The defendants are charged with federal civil rights violations. *See* 18 U.S.C. § 242. The

Elkhart Police department is located in the South Bend Division of the Northern District of Indiana. *See* 28 U.S.C. § 94(a).

The proper venue in criminal cases is the district in which the offense was committed. *United States v. Morrison*, 946 F.2d 484, 490 (7th Cir. 1991); Fed. R. Crim. P. 18. Because the conduct occurred in the Northern District of Indiana, venue is proper in this district. But Defendants are requesting a transfer of *division*. Rule 18 goes on to state the court should "set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. Our local rules require that "[d]ivisional venue is determined by applying the district venue provisions of 28 U.S.C. §§ 1391-1413." N.D. Ind. L.R. 3-1.

A defendant does not have a constitutional right to be tried within a certain division of a particular district, so long as the trial takes place within the district where the offense occurred. *Humphrey v. United States*, 896 F.2d 1066, 1068 (7th Cir. 1990). But I have broad discretion in deciding the location to try this case. *See, e.g., United States v. Balistrieri*, 778 F.2d 1226, 1229 (7th Cir. 1985) (affirming trial court's decision to move jury selection to the Green Bay division); *United States v. Reynolds*, 64 F.3d 292, 296 (7th Cir. 1995) (reviewing the district court's denial of a motion to transfer to a different district for an abuse of discretion).

Defendants argue that the case should be transferred to the South Bend Division because it is "most convenient for the Defendants and their witnesses and is the

appropriate venue in this matter." [DE 65 at 2.]  The government poses two brief contentions in response: (1) this case "received a fair amount of pretrial publicity and having the trial in Hammond, as opposed to South Bend, could make it easier to find unbiased jurors"; and (2) "[a]n intra-district transfer is not required absent a showing a prejudice." [DE 68 at 3.]

    I am more persuaded by defendants' argument.  Rule 18 does state that, in setting the place of trial, I should consider the convenience of the defendant, any victim, and the witnesses.  Although the defendants did not elaborate on their convenience argument, I would imagine that because defendants were police officers for the city of Elkhart, they live much closer to South Bend than Hammond.  According to Google Maps, Elkhart is approximately 15 miles from South Bend; while Elkhart is approximately 88 miles from Hammond.  Moreover, in all likelihood, the witnesses, and probably even the victim, live much closer to South Bend than Hammond.  This consideration is especially significant given the landscape of our country right now with the rate of COVID-19 on the rise and with many people reluctant to travel.

    The government cites *United States v. Duncan*, 919 F.2d 981, 985 (5th Cir. 1990), for the proposition that an intra-district transfer is not required absent a showing of prejudice.  However, *Duncan* is from the Fifth Circuit, which is not controlling, and it says nothing about my authority to transfer divisions, only that an intra-district transfer is not *required* unless a party shows prejudice.

    Finally, the government argues this case "received a fair amount of pretrial

publicity" and it could be easier for the defendants to find unbiased jurors in Hammond. The government's assertion is very vague, and does not cite any newspaper articles or television shows, etc., to indicate the breadth of exposure this case has received. However, I note that the defendants moved to supplement the juror questionnaire in this case and the parties have submitted a joint supplemental juror questionnaire for my review [DE 57]. I have indicated I will likely grant this motion, and any such additional juror questionnaire should ensure the defendants get a fair selection of unbiased jurors. Moreover, just the fact that defendants have moved for this divisional change of venue indicates that they believe that can get a fair trial in South Bend.

ACCORDINGLY:

Defendants Joint Motion for Change of Venue From the Division [DE 65] is GRANTED. The trial in this case will be held in the South Bend Division of the Northern District of Indiana. The Court affirms the presently-scheduled trial setting of March 29, 2021, which will now be held at 9:30 a.m. South Bend/Eastern time in South Bend, Indiana. The Court further affirms the presently-scheduled Final Pretrial Conference set for March 5, 2021, in Hammond, Indiana, before the undersigned.

SO ORDERED.

ENTERED: July 7, 2020.

                                                /s/   Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT