UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORY NEWLAND and )<br>JOSHUA TITUS, )<br>)<br>Defendants. ) | NO. 2:19 CR 23 PPS |

### OPINION AND ORDER

The United States has requested that a supplemental jury questionnaire be sent to potential jurors in this case. [DE 50.] This case involves allegations that Defendants, Cory Newland and Joshua Titus, officers with the Elkhart Police Department, used unreasonable force in a police station against a seated and handcuffed suspect. In its motion, the United States voices concern that there is a heightened risk of juror bias in law enforcement cases and this case has received both regional and national pretrial publicity, which could increase the risk that jurors could have pre-existing biases. It believes a supplemental jury questionnaire will help ensure the selection of an unbiased jury panel while simultaneously conserving judicial resources.

In response, Defendants agree that this case has received much publicity and concur that a supplemental juror questionnaire, to be completed before jury selection, is necessary to assist the parties in selecting an unbiased jury. [DE 53 at 8.] Therefore, Defendants do not object to the use of a supplemental questionnaire.

I held a hearing in this matter on January 21, 2020, in which all parties participated, and I indicated that I was persuaded that a supplemental questionnaire was appropriate for this case. [DE 55.] The parties subsequently conferred, and agreed upon the additional questions for prospective jurors. They have submitted a joint motion to supplement the juror questionnaire [DE 57] which reflects those agreed upon questions. Since that time, the Black Lives Matter social movement has gained momentum and there have been protests across the country relating to the death of George Floyd and other incidents of police violence or brutality.

In this case, as set forth in the parties' memoranda, the Defendants' actions have received substantial local and nationwide publicity, including a story on NBC news, coverage on National Public Radio, excerpts on YouTube, and newspaper stories. [DE 50 at 2-3; DE 53 at 2-3.] The Seventh Circuit has recognized that pre-trial publicity results in a heightened risk of jury bias, and as a result has mandated a thorough examination of the jurors in such a situation. *See, e.g., Fietzer v. Ford Motor Co.*, 622 F.2d 281, 284 (7th Cir. 1980) (finding district court's minimal voir dire inadequate in a case that involved some pretrial publicity). A juror questionnaire would help ensure that no bias based upon the extensive publicity would affect the jury in this case.

Additionally, Federal Rule of Criminal Procedure 24 vests broad discretion in this Court to control the nature and extent of the examination of potential jurors to ensure the selection of impartial jurors. *See, e.g., Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981). Courts have used this mechanism to ensure unbiased juries in high

profile cases, as well as cases involving allegations of police brutality.  *See, e.g., United States v. Isaacson*, 752 F.3d 1291, 1301 (11th Cir. 2014) ("Written questionnaires are now a common complement to oral examination when selecting an effective and impartial jury."); *United States v. Barnette*, 644 F.3d 192, 209 (4th Cir. 2011) ("District courts routinely use written questionnaires in the voir dire process in high profile cases"); *United States v. McRae*, No. 10-154, 2014 WL 2468559, at *4 (E.D. La. June 2, 2014) ("The parties [in a police brutality prosecution] were well aware of the ongoing media exposure when they proceeded with the lengthy questionnaire and voir dire process by which an impartial jury was empaneled."); *Preston v. Chicago Police Officer Daniel Warzynski*, No. 10 C 0136, 2012 WL 4498294, at *1 (N.D. Ill. Sept. 28, 2012) (jury questionnaire used in civil suit alleging excessive force to determine potential jurors' biases regarding law enforcement).

I think a supplemental questionnaire would assist both sides in selecting an unbiased jury in this case by providing the Court and parties with honest and forthcoming responses prior to voir dire.  The prospective jurors' responses to the targeted questions can then "assist the Court and counsel with the task of deciding which of those in the venire should be struck for cause, inform counsel as to potential topics for follow-up questioning during individual voir dire, and guide counsel's later decision to exercise a peremptory challenge."  *United State v. Christensen*, No. 17-cr-20037-JES-JEH, 2019 WL 1272918, at *3 (C.D. Ill. Feb. 6, 2019).

3

ACCORDINGLY:

The Motion for a Supplemental Jury Questionnaire [DE 50] and the Joint Motion for a Supplemental Juror Questionnaire [DE 57] are both GRANTED. The Court will work with the Clerk to get the agreed upon supplemental juror questionnaire set forth in DE 57 electronically transmitted to the panel of jurors being called for this trial.

SO ORDERED.

ENTERED: October 28, 2020.

                                              /s/   Philip P. Simon
                                             PHILIP P. SIMON, JUDGE
                                             UNITED STATES DISTRICT COURT