UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:19-cr-00023-PPS-JPK |
| | ) | |
| CORY NEWLAND | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Jennifer Chang, and Trial Attorney Katherine DeVar, the defendant, Cory Newland, and Paul Stracci and Alison Benjamin as attorneys for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Cory Newland, have the ability to read, write and speak the English language.

2. I have received a copy of the Indictment and have read and discussed it with my lawyers, and I believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe

1

and feel that my lawyers are fully informed as to all such matters. My lawyers have counseled and advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights implicated by this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand that by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

> a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the United States.
>
> b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.
>
> c. If the trial is held by the judge without a jury, the judge would find

the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorneys would be able to cross-examine them. In turn, I could present witnesses and other evidence on my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney, one would be appointed for me.

g. In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the judge will impose a sentence, after a consideration of a pre-sentence investigation report, input from counsel for

myself and the government, the federal sentencing statutes, the U.S. Sentencing Guidelines, and the terms of this agreement. Nothing in this paragraph is to be read inconsistently with Paragraph 7(c) below.

    7.    Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States as follows:

> a. I will plead guilty to Count 1 of the Indictment, which charges me with Deprivation of Rights Under Color of Law, in violation of Title 18, United States Code, Section 242, because I am, in fact, guilty of the offense charged in that count.
>
> I further understand that a special assessment of $100 will be imposed on the count of conviction in addition to any other penalty imposed, and the $100 special assessment fee is due and payable prior to my sentencing hearing. I also understand that under a term of supervised release, I would have to live my life under certain conditions set by the Court and the Court could revoke the supervised release and sentence me to serve an additional term of imprisonment if I violate any of those conditions.
>
> b. To sustain a conviction for Count 1, Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, to which I am pleading guilty, I understand that the United States must establish each of the following elements beyond a reasonable doubt:
>
>> 1. That the defendant acted under color of law;
>>
>> 2. That the defendant deprived arrestee M.L., a person in the United States, of a right secured and protected by the Constitution or laws of the United States; here, the right to be free from unreasonable seizures, which includes the right to be free from the unreasonable use

4

>   of force by a police officer;
>
>   3. That the defendant acted willfully; and
>
>   4. That the offense resulted in bodily injury to the victim.

c. Any agreement that follows in sub-paragraph (1) is submitted to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and is binding upon the Court. I understand that this means that if the Court decides not to follow any agreement set forth in this sub-paragraph, then the Court will notify me that it has rejected this plea agreement and will afford me the opportunity to withdraw my plea of guilty. I understand that if I then persist in my guilty plea, the disposition of the case may be less favorable to me than that contemplated by this plea agreement.

>   1. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and in consideration of my plea, the United States of America and I agree that I should receive a sentence of imprisonment of 15 months.

d. As part of this agreement, I agree to make restitution to the victim of my offense in an amount to be determined by the sentencing court. I acknowledge restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. I understand that a payment schedule imposed by the Court establishes only a minimum obligation, and does not preclude the United States Attorney's Office from pursuing any other means to collect the restitution judgment pursuant to federal and state law.

e. I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree to submit within 30 days of the filing of this plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial

5

    statement and disclosures will be complete, accurate, and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine. If deemed necessary by the U.S. Attorney's Office, I agree to submit, prior to sentencing, to an examination under oath on the issue of my ability to pay restitution.

  f.  I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that establish that I am guilty of Count 1, to which I have agreed to plead guilty. In connection with my guilty plea, I acknowledge and admit that the following facts are true:

  a.  On January 12, 2018, while on duty and acting as an officer for the City of Elkhart Police Department, I assisted in the arrest of M.L., and transported him to the booking area at

6

        the police department.

    b. While in the booking area, I struck M.L. repeatedly in the face and body, despite knowing that this amount of force was not reasonable under the circumstances.

    c. Specifically, I placed M.L. in a chair with his hands handcuffed behind his back and behind the back of the chair. M.L. spat in my direction. I responded by punching him in the face, causing him to fall backwards onto the floor. Another officer, Joshua Titus, and I continued to strike M.L. repeatedly with our fists. M.L. was in handcuffs during the entirety of the time we were punching him.

    d. Arrestee M.L. suffered pain and injuries as a result of my actions.

    e. I knew at the time of the assault that my use of force on M.L. was unjustified and unlawful under the circumstances.

    f. All of these events occurred in the Northern District of Indiana.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may, at its option, either (a) ask the Court to make a determination that I have breached a term in this agreement, in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement, and I would have no right to withdraw my guilty plea; or (b) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I

can then be prosecuted for all criminal offenses that I may have committed. In the event that the Court finds I have breached this agreement, I understand that any statements and information I have provided pursuant to this agreement or otherwise, and any information and evidence derived therefrom, may be used against me in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself, the factual basis statement, statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including my entry of the guilty plea), and statements made in the course of plea discussions. I expressly and voluntarily waive the protection afforded by Fed. R. Evid. 410 as to any statements made by me personally (but not as to statements made by my counsel).

10. I believe and feel that my lawyers have done all that anyone could do to counsel and assist me, and that I understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those

contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

        /s/ *Cory Newland*
        Cory Newland
        Defendant

        /s/ *Paul Stracci*
        Paul Stracci
        Alison Benjamin
        Attorneys for the Defendant

APPROVED:

| | |
|---|---|
| CLIFFORD D. JOHNSON | KRISTEN M. CLARKE |
| United States Attorney | Assistant Attorney General |
| Northern District of Indiana | Civil Rights Division |
| | |
| By: /s/ *Jennifer Chang* | By: /s/ *Katherine DeVar* |
|     Jennifer Chang |     Katherine DeVar |
|     Assistant United States Attorney |     Trial Attorney |